# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

EDGAR D. FURTADO,
        Appellant,

      v.

DEPARTMENT OF HOMELAND
  SECURITY,
        Agency.

DOCKET NUMBER
PH-1221-15-0376-C-1

DATE: June 22, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Edgar D. Furtado, Belmont, Massachusetts, pro se.

Philip Ambrosi, Boston, Massachusetts, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which denied his petition for enforcement. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's analysis regarding the issue of a breach of the settlement agreement, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    A settlement agreement is a contract and, as such, will be enforced in accordance with contract law. *Burke v. Department of Veterans Affairs*, 121 M.S.P.R. 299, ¶ 8 (2014). The Board will enforce a settlement agreement that has been entered into the record in the same manner as a final Board decision or order. *Id.* When an appellant alleges noncompliance with a settlement agreement, the agency must produce relevant material evidence of its compliance with the agreement or show that there was good cause for noncompliance. *Id.* The ultimate burden, however, remains with the appellant to prove breach by preponderant evidence. *Id.*

¶3    We find that the appellant has not met his burden. The appellant argues on review that the parties signed the settlement agreement on December 22, 2015, and that the agency incorrectly designated January 25, 2016, as the date the settlement agreement was executed. *Furtado v. Department of Homeland Security*, MSPB Docket No. PH-1221-15-0376-C-1, Compliance Petition for Review (CPFR) File, Tab 1 at 7. He claims that, in so doing, the agency breached

the agreement when it failed to issue him the lump sum payment by the deadline set in the agreement. *Id.* As the administrative judge noted, the appellant may have signed another preliminary agreement on December 22, 2015, as a part of informal negotiations. *Furtado v. Department of Homeland Security*, MSPB Docket No. PH-1221-15-0376-C-1, Compliance File (CF), Tab 11, Compliance Initial Decision (CID) at 6. The record, however, shows that the date of the settlement agreement is January 25, 2016, and that the appellant and agency agreed that the agreement would become effective once all parties signed it—which occurred on January 28, 2016. *Furtado v. Department of Homeland Security*, MSPB Docket No. PH-1221-15-0376-W-1, Initial Appeal File (IAF), Tab 32 at 1, 3.

¶4    The settlement agreement states that the parties agree that the agency will pay the appellant a lump sum within 60 days of the date the agreement was executed or, if it provides written notice that a 20-day payment extension is required, within 80 days of the date the agreement was executed. IAF, Tab 32 at 2. It is undisputed that the agency did not pay the appellant within 60 days of the date the agreement was executed.[2] CF, Tab 3 at 8, Tab 7 at 5. The issue is whether the agency properly provided written notice to the appellant that additional time was required to effect payment to trigger an additional 20 days to initiate payment. IAF, Tab 32 at 2. The administrative judge credited the agency's version of events, indicating that the agency gave proper notice of its need for additional time to effect payment and complied with the settlement agreement because it issued the payment on April 7, 2017, or within 80 days of

---

[2] The agency provides documentation, including email exchanges with the appellant, showing the sequence of events. On March 28, 2016, the agency requested the appellant's banking information and address to initiate payment. CF, Tab 7 at 14-15. On April 6, 2016, the agency informed the appellant that it had initiated the payment on March 28, 2016. *Id.* at 14. The agency processed the payment by April 7, 2016. *Id.* at 11-12. The appellant confirmed that he received the payment on April 8, 2016. CF, Tab 3 at 5, 8.

the date the agreement was executed. CID at 5; CF, Tab 7 at 11-12. While we do not entirely agree with the administrative judge's reasoning on this matter, we need not resolve this issue.

¶5　　Even assuming the agency breached the agreement, as discussed below, its actions do not rise to the level of a material breach. Whether there has been a material breach depends on the extent to which the injured party is deprived of a benefit reasonably expected from the agreement. *Leeds v. U.S. Postal Service*, 108 M.S.P.R. 113, ¶ 4 (2008). A breach is material when it relates to a matter of vital importance or goes to the essence of the agreement. *Id.*; *Galloway v. Department of Agriculture*, 110 M.S.P.R. 311, ¶ 7 (2008). A minimal delay in fulfilling the requirements of a settlement agreement is not considered a material breach. *See Burks v. Department of the Interior*, 93 M.S.P.R. 94, ¶ 8 (2002), *aff'd*, 85 F. App'x 217 (Fed. Cir. 2004).

¶6　　Here, the agency's delay in meeting its payment obligation was minimal. The record shows that the agency initiated the payment on or around the 60-day deadline and the delay in the appellant's receipt of the payment was due to processing time. CF, Tab 7 at 11-12, 14-15. Such a delay does not rise to the level of a material breach, especially when, as here, the parties contemplated that additional time may be required to process a payment and contracted for an additional provision to account for a possible delay, and the agency acted upon the payment at issue and responded to the appellant's requests regarding the status of payment. *See Shelton v. Environmental Protection Agency*, 115 M.S.P.R. 177, ¶¶ 21-23 (2010).

¶7　　We find that none of the appellant's additional assertions provide a basis to disturb the initial decision.[3] We decline to consider any argument or evidence

---

[3] Under 5 U.S.C. § 1214(a)(3), an employee is required to seek corrective action from Office of Special Counsel (OSC) before seeking corrective action from the Board. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011). To satisfy the exhaustion requirement, an appellant must provide OSC a sufficient basis to pursue an investigation which might lead to corrective action. *Chambers v. Department of*

that he submits for the first time on review because he has failed to show that it was unavailable, despite his due diligence, when the record closed. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d).

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file

---

*Homeland Security*, 2022 MSPB 8, ¶ 10; *see Ward v. Merit Systems Protection Board*, 981 F.2d 521, 526 (Fed. Cir. 1992); *Miller v. Federal Deposit Insurance Corporation*, 122 M.S.P.R. 3, ¶ 6 (2014). An appellant filing an individual right of action appeal has not exhausted his OSC remedy unless he has filed a complaint with OSC and either OSC has notified him that it was terminating its investigation of his allegations or 120 calendar days have passed since he first sought corrective action. 5 U.S.C. § 1214(a)(3); *Simnitt v. Department of Veterans Affairs*, 113 M.S.P.R. 313, ¶ 8 (2010). The appellant alleges that the administrative judge failed to consider that the settlement agreement prevented him from filing a subsequent OSC complaint and he may be raising a claim that the agency's breach of the settlement agreement constituted reprisal for his whistleblowing activities. CPFR File, Tab 1 at 3, 5-7. Because the appellant has not exhausted the procedures before OSC, the Board lacks jurisdiction over these claims. CID at 6; CF, Tab 3 at 11.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.